THE OREGON IMPROVEMENT COMPANY, Appellant, *v.* JOHN B. ROACH et al., as Executors, etc., Respondents.

R., defendant's intestate, entered into a contract under seal with the O. R. & N. Co. to build for it an iron-screw steamship to be built to carry "dead weight of one thousand two hundred and fifty tons freight and coal on thirteen and one-half feet draft," to be delivered in New York completed and ready to receive cargo. After the completion of the ship she was taken in charge by a captain, furnished by plaintiff, who claimed the right thereto as assignor of the vendee, and with defendant's assent brought to New York, and there R. claimed the balance due him and offered to deliver the ship. There was then a dispute between plaintiff and the O. R. & N. Co. as to accounts between them and as to payments made by the latter to defendant upon the contract, and the O. R. & N. Co. notified defendant not to deliver the ship to plaintiff until such dispute was adjusted. The ship was entered at the custom-house in the name of R. as builder and owner. It was finally arranged that R., should execute two bills of sale of the ship, one to plaintiff and the other to the O. R. & N. Co., which were to be placed in the hands of a common agent of the two companies one to be delivered to that company which should be found entitled to receive it after the adjustment of the dispute between them; the one not delivered to be canceled and returned to the defendant. The final payment was then made to R. who executed and delivered the two bills of sale as agreed, and received a receipt from the agent of the two companies, reciting the above cir-

cumstances and containing a provision to the effect that the bill of sale to plaintiff was not to be delivered except upon the acquittal of R. by the O. R. & N. Co. for full performance of the contract. The bill of sale executed to plaintiff was subsequently delivered to it, and the other was canceled and returned to defendant. In an action thereafter brought to recover damages for an alleged breach of defendant's contract, in that the ship would not carry the freight specified with the specified draft, *held*, that the cause of action did not survive the acceptance and delivery, and so that plaintiff was properly nonsuited; and that the fact the contract was under seal was not material.

(Argued December 6, 1889; decided December 20, 1889.)

Appeal from judgment of the General Term of the Superior Court of the city of New York, entered upon an order made June 28, 1889, which affirmed a judgment, entered upon an order dismissing the complaint on trial.

The nature of the action and the facts are sufficiently stated in the opinion.

*George H. Adams* for appellant. The acceptance was no waiver of damages. (*Norton* v. *Dreyfuss*, 106 N. Y. 94; *Briggs* v. *Hilton*, 95 id. 517, 529; *Parks* v. *M. A. & T. Co.*, 54 id. 586; *Studer* v. *Bleistein*, 48 Hun, 577; *Kent* v. *Freedman*, 101 N. Y. 616.) The acts of the parties did not estop plaintiff from claiming the damages. (*Norton* v. *Dreyfuss*, 106 N. Y. 94; *Eddy* v. *Graves*, 23 Wend. 70; *Delacroix* v. *Buckley*, 13 id. 75; *Clough* v. *Murray*, 3 Robt. 16, 17; Leake on Contracts, 466, 498, 499; *Kuhn* v. *Stevens*, 36 How. 278; *Shute* v. *Hamilton*, 3 Daly, 471; *Barber* v. *Rose*, 5 Hill, 76; *Lattimore* v. *Harsen*, 14 Johns. 330; *Hasbrouck* v. *Tappen*, 15 id. 200; *Little* v. *Holland*, 3 T. R. 590; *Pesant* v. *Peekersgill*, 56 N. Y. 650; *Crane* v. *Knubel*, 61 id. 645; *Smith* v. *Brady*, 17 id. 189.) There is no weight in the ground taken by defendant below that the plaintiff's only right to prosecute this action is as an assignee of the Oregon Navigation Company. (1 R. S. chap. 8, p. 592, § 8; *Nelson* v. *Eaton*, 26 N. Y. 410, 416; *Hooker* v. *Bank of Rochester*, 30 id. 83, 87; *Tallman* v. *Hoey*, 89 id. 537, 539;

Abb. Trial Evidence, 2; *Homer* v. *Wood*, 15 Barb. 371; 23 N. Y. 350; *Green* v. *R. F. I. Co.*, 84 id. 572; *Smith* v. *Miller*, 25 id. 619, 620; *O'Neill* v. *N. Y. C., etc., R. R. Co.*, 60 id. 138, 142; *T. G., etc., Co.* v. *Smith*, 3 How. Pr. [N. S.] 190; *First Nat. Bank* v. *Clark*, 42 Hun, 16.)

*Edward Gebhard* for respondents. The contract was executory. There was no special warranty or agreement collateral to it. If the vessel did not comply with it there was a breach of the contract, not of any warranty, and in the absence of fraud or artifice in inducing an acceptance of the ship, such acceptance is treated as a fulfillment of the contract and a waiver of all defects, except latent defects. (29 N. Y. 358; 48 id. 365; 64 id. 411; 53 id. 519; 45 id. 265; 96 id. 567.)

Earl, J. The original defendant, John Roach, on the 20th day of February, 1883, entered into a written contract under seal with the Oregon Railway & Navigation Company to build for it at Chester, Pa., an iron screw steamship of the description and dimensions mentioned in the contract. The ship was to be built to carry " dead weight of 1250 tons freight and coal on 13½ feet draft," and was to be delivered in New York on the 20th of October, 1883, completed and ready to receive cargo.

The plaintiff claims that the contract was, in fact, made for it, and that all the rights thereunder of the Oregon Railway & Navigation Company were assigned to it before the commencement of this action. It is alleged by the plaintiff that the ship was not able to carry the specified number of tons with the specified draft; and this action was brought to recover damages on that account.

The delay in the building and delivery of the ship within the time specified in the contract are not now complained of.

About the 1st of February, 1884, after the defendant claimed to have completed the ship and performed his con-

tract, she was taken at Chester in charge of a captain furnished by the plaintiff, and, with the assent of the defendant, brought to the city of New York, and there he claimed the balance due him under his contract and offered to deliver the ship. There was then pending a dispute between the plaintiff and the Oregon Railway & Navigation Company in reference to the accounts between the two companies, and as to the payments made by the latter company to the defendant upon his building contract, and the latter company notified the defendant not to deliver the ship to the plaintiff until such dispute was adjusted. The ship was entered at the New York Custom-House in the name of the defendant as builder and owner. It was finally arranged between the two corporations and the defendant that he should execute two bills of sale of the ship, one to the plaintiff and one to the Oregon Railway & Navigation Company, which were to be placed in the hands of a common agent of the two corporations, to be delivered to that one of the two which should be entitled to receive the same on the final adjustment of the dispute between them, the one not delivered to be canceled and returned to the defendant. Thereupon the final payment to Roach was made, and he executed the two bills of sale and placed them in the hands of the common agent of the two companies. and received from him the following instrument :

" The final payments in full for the S. S. Santa Rosa having been paid to John Roach, I acknowledge to have received this day from said John Roach two separate bills of sale of said steamship, one to the Oregon Improvement Company and the other to the Oregon Railway & Navigation Company *in escrow*, and to be delivered to whichever company shall be entitled to receive the same, and the other, upon the cancellation thereof, to be redelivered to said John Roach, the bill of sale to said improvement company not to be delivered except upon the acquittal of John Roach & Son by the Oregon Railway & Navigation Company for full performance by them of the contract with the last-named company for the building of said ship."

Some time thereafter the bill of sale executed for the

plaintiff was delivered to it, and the other was canceled and returned to the defendant.

The trial judge held that a cause of action for breach of the defendant's contract did not survive these transactions, and nonsuited the plaintiff; and in this we perceive no error.

The ship, just prior to the execution of the bills of sale, and the instrument above set out, belonged to the defendant, and the case may be treated as if he had said, in effect, to the two companies: " Here is the ship ready for delivery in pursuance of my contract ; examine her; try her, and test her as much as you will.    I claim she is built according to the contract.    I want my final payment, and if you take her I want you, expressly, to accept her as she is in full performance of my contract ;" and when, under such circumstances, the ship was accepted by the plaintiff, it lost all right to complain that she was not built according to the contract, and a cause of action for a breach thereof did not survive such delivery and acceptance.    There was not a collateral warranty as to the quality or condition of the ship, but the specifications in the contract, as to her capacity, constituted part of the description of the thing to be made and delivered under the contract. Therefore, the case is governed by the rules laid down in the case of *Reed* v. *Randall* (29 N. Y. 358), and the long line of cases which have followed it.

There was nothing for submission to the jury.    The intention that the title to the ship should pass only upon her acceptance by the plaintiff, as a full and complete performance of the contract, is plainly expressed in the agreement delivered to the defendant, and no other intention is consistent with the circumstances proved.

The plaintiff also invokes the doctrine that a sealed instrument cannot, before the breach thereof, be discharged, canceled, or modified by parol.    But here there was no intention to change, cancel or modify the sealed instrument.    The only question is one of performance, and the plaintiff, by accepting the ship under the circumstances proved, estopped itself from claiming or alleging non-performance of the contract.    By the

instrument which it delivered to the defendant it obtained possession of title to the ship, and certainly without restoring that title and possession it could not thereafter be permitted to deny that the ship received was the ship to be built under the contract.

We are, therefore, of opinion that the judgment should be affirmed, with costs.

All concur.

Judgment affirmed.